UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    v.<br><br>JAMIL AKIM ALHARK,<br><br>    Defendant. | Case No. 24-cr-00159-VC-1<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 33 |
| USA,<br><br>    v.<br><br>JAMIL AKIM ALHARK,<br><br>    Defendant. | Case No. 19-cr-00015-VC-1<br><br>Re: Dkt. No. 79 |

Alhark moves to dismiss his Section 922(g)(1) felon-in-possession charge in the Indictment in Case No. 24-00159 and the corresponding Form 12 charge in Case No. 19-00015. He argues that Section 922(g)(1) is unconstitutional as applied to him because it violates his Second Amendment right. Alhark's argument is largely based on the Ninth Circuit's decision in *United States v. Duarte*, which has since been vacated pending *en banc* review. 101 F.4th 657, 661 (9th Cir.), *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024). The motion to dismiss is denied for two independent reasons.

    First, as Judge Alsup has explained, *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), is still controlling on this question. *See United States v. Aguilera*, No. CR 23-00217, 2024

WL 4778044, at *3–*8 (N.D. Cal. Nov. 12, 2024). Although aspects of the analysis in *Vongxay* may be somewhat in tension with *Bruen* and *Rahimi*, those cases have not "undercut the theory or reasoning underlying" *Vongxay* "in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).

Second, for many of the reasons given by Judge Alsup in *Aguilera*, even if *Vongxay* were not controlling, this Court would find that Section 922(g)(1) is constitutional as applied to Alhark given his two prior felony burglary convictions and felony theft conviction. The Fifth Circuit also recently upheld Section 922(g)(1) as applied to a defendant with a prior theft conviction. *See United States v. Diaz*, 116 F.4th 458, 467–72 (5th Cir. 2024). Other circuits have upheld Section 922(g)(1) in similar situations. *See United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024) (upholding Section 922(g)(1) for a defendant with two prior drug sale convictions); *United States v. Langston*, 110 F.4th 408, 420 (1st Cir. 2024), *cert. denied*, No. 24-5795, 2024 WL 4805963 (U.S. Nov. 18, 2024) (upholding Section 922(g)(1) on clear error review for a defendant with a prior theft and drug trafficking conviction).

**IT IS SO ORDERED.**

Dated: December 31, 2024

_____
VINCE CHHABRIA
United States District Judge